## THE STATE v. ROBEN.

1. **Evidence:** CRIMINAL LAW: INTOXICATING LIQUORS. In a prosecution for selling intoxicating liquors in violation of the statute, it was proper to ask a witness if, within his knowledge, defendant had committed the offense charged, at the time and place alleged in the information.

2. ———: ———: ———. It was also competent to interrogate the witness in regard to his knowledge of the business the defendant was engaged in, during the period in which the offense was charged in the information to have been committed.

*Appeal from Harrison District Court.*

FRIDAY, SEPTEMBER 25.

THIS action was tried in the District Court, on appeal from a justice of the peace, upon an information charging defendant with selling intoxicating liquors in the township of Magnolia, in Harrison county, Iowa, within three months next

before filing the information. The defendant was acquitted. The State appeals.

*M. E. Cutts, Attorney General,* and *C. H. Lewis, District Attorney,* for the State.

No appearance for appellee.

MILLER, CH. J.—On the trial the State introduced a witness and propounded to him the following, among other questions: 1. CRIMINAL "State whether at any time within one year prior LAW: evidence: intox- to the 17th day of December, 1873, you pur-icating liquors. chased of the defendant, Moses Roben, any intoxicating liquors within this county;" "State whether at any time within three months prior to the 17th day of December, 1873, you know of the defendant selling any intoxicating liquors to any party within this county;" "State whether, at any time within one year prior to the 17th day of December, 1873, within this county, you know of the defendant, Moses Roben, selling any intoxicating liquors to any party."

These questions were severally objected to, on the grounds of immateriality, irrelevancy and incompetency. They were clearly not vulnerable to these objections. It was of the very essence of the issue whether the defendant had sold intoxicating liquors within the county as charged in the information. The questions called upon the witness to state whether he knew this material fact. The questions were relevant and called for material testimony, and it was clearly competent to prove the fact inquired of by the witness, if it was within his knowledge. He was not permitted to state whether it was within his knowledge or not. The court erred in sustaining the objections.

II. The State called another witness, to whom it propounded the following questions: "State what was his 2. ——: ——: (defendant's) business for one year prior to the 17th ——. day of December, 1873;" "State, if you know, what business he was engaged in within three months prior to the 17th day of December, 1873."

The same objections also were made and sustained to each

of these questions. It was most clearly material, relevant and competent to prove that the defendant was engaged in the business of keeping a saloon, if such was the fact, in which intoxicating liquors were sold by him. The questions put to the witness were intended to obtain his knowledge as to this fact, and should not have been excluded by the court.

REVERSED.